**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ADAN SANCHEZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-2995 |
| § | |
| FREDDIE RECORDS, INC., *et al*, § | |
| § | |
| Defendants. § | |

**ORDER**

This court granted Adan Sanchez's motion to file an amended complaint. (Docket Entry No. 23). The defendants are Freddie Records, Inc. and fourteen other entities. The amended complaint alleges copyright infringement; misappropriation of name, image, and likeness; fraudulent transfers; negligence; and conspiracy. The amended complaint seeks remedies that include a constructive trust and declaratory judgment. Five individual defendants who "serve in a capacity" with Big. F, Inc.—which asserts that it is the successor-in-interst to Freddie Records—along with Big F, moved to reconsider the order, arguing that all claims in this case are stayed under 11 U.S.C. § 362. (Docket Entry No. 25). Sanchez responded. (Docket Entry No. 26). For the reasons explained below, the motion for reconsideration is granted in part and denied in part.

Section 362 applies to stay proceedings related to a debtor in bankruptcy. *Beran v. World Telemetry Corp.*, 747 F. Supp. 2d 719, 722 (S.D. Tex. 2010). Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate.'" *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)).

Big F filed a suggestion of bankruptcy, stating that it filed for voluntary bankruptcy under chapter 7. (Docket Entry No. 21). Sanchez does not dispute that a stay of proceedings is warranted as to Big F. The fraudulent transfer claims against the remaining movants must also be stayed. A suit to avoid fraudulent transfers "is essentially one for property that properly belongs to the debtor and which the debtor has fraudulently transferred in an effort to put it out of the reach of creditors." *See In re MortgageAmerica Corp.*, 714 F.2d 1266, 1272–76 (5th Cir. 1983) (staying fraudulent transfer claims against nondebtors under § 362).

The § 362 stay does not automatically extend to the debtor's codefendants. Courts are required to stay proceedings against nondebtor defendants only when "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (5th Cir. 1986)); *Beran*, 747 F. Supp. 2d at 722–23. "[I]dentical allegations against the debtor and nondebtor defendants are an insufficient ground to extend the stay to nondebtors." *Beran*, 747 F. Supp. 2d at 724. "The Fifth Circuit has stated that a § 362 stay should extend to nonbankrupt codefendants only when there is a formal or contractual relationship between the debtor and nondebtors such that a judgment against one would in effect be a judgment against the other." *Id.* at 723–24 (citing cases). While a district court has discretion to stay a case even if § 362 does not require it, *id.* at 723, a "stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration," *GATX Aircraft Corp. v. M/V Courtney Leigh*,

768 F.2d 711, 716 (5th Cir. 1985) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).

The defendants argue that "[a]ll defendants serve in a capacity under the [d]ebtor," that there is no differentiation between defendants and the debtor," and that continuing without the debtor would prejudice the all parties. The defendants do not specify how such prejudice would occur. The defendants argue that judicial economy favors a stay because bankruptcy liquidation may make funds available to satisfy Sanchez's claims. (Docket Entry No. 25, at 3).

The arguments that the defendants are associated with Big F and that their conduct is the same as Big F's alleged conduct do not warrant an extension of the § 362 stay under Fifth Circuit precedent. *See Beran*, 747 F. Supp. 2d at 724 (refusing to stay a case against officers of debtor absent proof of an indemnification obligation). Nor does the defendants' argument merit a discretionary stay. The defendants have not met their burden to show that this court should require Sanchez to wait for the resolution of the bankruptcy proceedings to pursue his case against the remaining defendants. *Beran*, 747 F. Supp. 2d at 724–25; *see also Wedgeworth*, 706 F.2d at 546 ("Defendants have not shown that any hardship complained of is the result of proceeding to trial now. Nor is there a showing that the difficulties inherent in the general situation, including potential judicial inefficiency, constitute a sufficient offset to the plaintiffs' right to proceed without inordinate delay to resolution of their claims."). Sanchez has asserted claims against the individuals, and the defendants have not demonstrated that he should not be able to press those claims now.

The claims against Freddie Records and the fraudulent transfer claims are stayed. All other claims will are severed and will proceed. *See Hamel-Schwulst v. Country Place Mortg. Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2010) (per curiam) (summary calendar) (unpublished) ("[I]t is

well-established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" (quoting *Wedgeworth*, 706 F.2d at 544)).

        SIGNED on August 10, 2011, at Houston, Texas.

                                      Lee H. Rosenthal
                                  United States District Judge